UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-14290-Civ-Rosenberg/Maynard

ROSHAWN XAVIER DENNIS,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE is before the Court *sua sponte*. Upon review of the record and being otherwise fully advised, the Court recommends that this case be dismissed without prejudice based upon Plaintiff's failure to prosecute his claims and failure to comply with Court orders.

## BACKGROUND

On August 20, 2020, Plaintiff initiated this action seeking review of a final administrative decision denying Plaintiff's applications for social security benefits [DE 1]. That same day, Plaintiff filed his executed consent to receive notices of electronic filings in which Plaintiff consented to the Court sending him electronic notification of orders and other filings to an email address provided by Plaintiff [DE 4]. In that consent form, among other things, Plaintiff acknowledged his responsibility to maintain a current email address and mailing address on file with the Court [*Id.*].

On August 21, 2020, the Court issued an Order denying Plaintiff's motion to proceed *in forma pauperis* upon finding that Plaintiff had sufficient minimum income and resources to

pay the filing fee [DE 5].  The Court ordered Plaintiff to pay the required filing fee by September 25, 2020 and reminded Plaintiff about the requirement and procedures for properly serving process upon Defendant [*Id.*].

On August 31, 2021, mindful of Plaintiff's *pro se* status, the Court issued an Order to Show Cause [DE 6] noting that Plaintiff had not timely paid the filing fee by the Court-ordered deadline or sought an extension of time to do so.  The Court noted further that the record is devoid of any indication that Plaintiff had made any attempt to perfect service of process on Defendant as instructed.  The Order to Show Cause set a deadline of September 15, 2021 for Plaintiff to either (1) pay the filing fee and take affirmative steps to perfect service of process on Defendant, or (2) file a written response that explains why Plaintiff is unable to do so.  The Court expressly cautioned that Plaintiff's failure to comply with the Order to Show Cause might result in a recommendation that this action be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff has not timely responded.

As consented to by Plaintiff, all of the foregoing Orders were sent to Plaintiff at his designated email address.  In addition, the Court directed that its recent Order to Show Cause be sent via U.S. mail to Plaintiff's mailing address of record [DE 6, DE 7].

## DISCUSSION

The Court may *sua sponte* dismiss an action under Rule 41(b) or the Court's inherent power to manage its docket.  *Fequiere v. Alabama State Univ.*, 2014 WL 868053, at *1 (11th Cir. Mar. 6, 2014) (citing *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)).  Dismissal of an action is authorized as a last resort, if "(1) a party engages in a

clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies, Ltd.*, 432 F.3d at 1337-38. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

Here, Plaintiff has not responded to a series of Court orders, most recently one that ordered him to pay the required filing fee or show cause why he could not do so. Plaintiff did not respond. Plaintiff's inaction without explanation leaves the Court no choice but to conclude that he has engaged in a pattern of delay or willful contempt. The record offers no indication that Plaintiff did not receive the Court's orders. Nor does the record suggest any reason for Plaintiff's noncompliance. The most recent order required Plaintiff to respond and cautioned that his failure to respond would lead to a recommendation that this case be dismissed for failure to prosecute.

The Court finds that dismissal without prejudice is the least severe sanction to remedy Plaintiff's inaction. A dismissal without prejudice does not have the same effect as a dismissal with prejudice in this case because the 60-day period for filing a civil action seeking review of a final decision of the Commissioner is not absolute. *See* 42 U.S.C. § 405(g) (authorizing commencement of a civil action "within sixty days after the mailing to [the claimant] of notice of [the Commissioner's final] decision *or within such further time as the Commissioner of Social Security may allow*.") (emphasis added). Dismissal without prejudice leaves open the

possibility that Plaintiff may file a new civil action if he secures from the Commissioner "such further time" to do so. While Plaintiff has not sought to demonstrate good cause for his failure to comply with the Court's Orders in this case, such a showing may persuade the Commissioner to allow Plaintiff additional time to file a civil action.

The Court has contemplated lesser sanctions and finds that none would suffice. Plaintiff has not responded to a series of Court orders or taken any other action to move this case forward, despite the Court's express directive that failure to do so might result in a recommendation that this case be dismissed. As such, the Court has no reason to believe that Plaintiff would comply with any further Orders this Court may enter imposing lesser sanctions. Plaintiff has been afforded an opportunity to be heard and has received due process. The Court's prior Orders were designed to facilitate the disposition of this case on the merits, but Plaintiff has not timely responded or taken any action whatsoever to move this case forward. In light of the foregoing considerations, dismissal without prejudice is appropriate. *See Enix v. Comm'r of Social Sec.*, 461 Fed. App'x 861, 864 (11th Cir. 2012) (affirming dismissal of a Social Security appeal due to the plaintiff's failure to file a brief challenging the ALJ's decision despite two orders to do so; on appeal, plaintiff did not argue that the dismissal on the basis of her failure to prosecute was erroneous); *see also Shields v. Comm'r of Social Sec.*, 474 Fed. App'x 857 (3rd Cir. 2012) (affirming dismissal of social security appeal for failure to prosecute); *Johnson v. Astrue*, 325 Fed. App'x 233 (4th Cir. 2009) (affirming dismissal of complaint under Rule 41(b) for failure to prosecute).

## CONCLUSION

Plaintiff has neither actively pursued his case nor followed this Court's directives. Accordingly, the undersigned respectfully **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court orders.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 17th day of September, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE